UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DURHAM GEO-ENTERPRISES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOSHUA TREWITZ and INSTRUMENT INTEGRATION & MONITORING, LLC, <br><br> Defendants. | Civil Action No. 1:16-cv-00048-AT <br><br> JURY TRIAL DEMANDED |

## JOINT DISCOVERY STATEMENT

**I. FIRST ISSUE**

   A. *Plaintiff's Position*.  Defendants provided deficient production of documents in response to Plaintiff's Request for Production No. 2.[1]  Defendants have produced only excerpts of some of the relevant tax returns, namely Schedule C to Defendant Trewitz's Form 1040 for tax years 2012 through 2015.  No tax records for tax year 2011 were provided, even though the record indicates that Defendant II&M was formed and conducted business in 2011.  Defendants' Responses to Plaintiff's Interrogatories acknowledge approximately $93,927 of invoiced services for the

---

[1] *See* Exhibit A.  Defendants indicated that they would produce all non-privileged, responsive documents.

period of 2011 through present, yet the tax documents produced to date report only $36,055 of gross receipts. Accordingly, Defendants must produce additional documents, including full tax returns for all applicable tax years, general ledgers, and such other financial statements showing all revenues generated by II&M.

   **B.** *Defendants' Response.* On May 31, 2016, counsel for the parties discussed the rolling production of documents which the parties intended to accomplish during June, 2016. During that conference call, Plaintiff's counsel stated that they were not seeking the Trewitz' personal income tax returns, and they acknowledged that they had requested only II&M's tax returns in their Request for Production. Defendants' counsel then explained to Plaintiff's counsel that II&M did not file separate federal income tax returns, but instead filed Schedule Cs to Mr. and Mrs. Trewitz's federal income tax returns. Defendants' counsel agreed to produce II&M's Schedule Cs and stated that they would not produce the Trewitz' personal tax returns.

   On June 3, 2016, and June 8, 2016, Defendant II&M produced to Plaintiff all documents in its possession, custody, and control which are responsive to Plaintiff's Request for Production No. 2, including invoices and federal Schedule Cs. As Defendant Trewitz explained in his Answers to Interrogatories, he did not receive revenues or payments equal to the amounts which he invoiced. Also, the

Schedule Cs show the collected revenues, the expenses he incurred, and the losses which II&M sustained. Defendant II&M has no other documents to produce to Plaintiff.

 **C.** *Plaintiff's Reply*. Plaintiff's counsel avers that Defense counsel did not specify details about the filing of Schedule Cs, and the written memorialization of the May 31, 2016 teleconference contains no such detail. Plaintiff's counsel stated that Plaintiff was not seeking tax information that was wholly personal to Mr. Trewitz, and to be clear Plaintiff is not hereby seeking information from Mr. Trewitz's tax returns that is unrelated to his side business. In any event, a confidentiality order has been entered that would protect any such information that is produced. Plaintiff's claims arise from the competitive business Mr. Trewitz actively operated during and after his employment with Plaintiff; as such, financial documents, including but not limited to full tax returns, are an essential component of Plaintiff's discovery.

 **II.**   **SECOND ISSUE**

 **A.** *Plaintiff's Position*. Defendants provided deficient production of documents in response to Plaintiff's Request for Production No. 3.[2] Defendants have produced no such documentation with regard to Mr. Trewitz. Mr. Trewitz has not produced

---

[2] *See* Exhibit A. Defendants indicated that they would produce all non-privileged, responsive documents.

3

any of his personal tax returns, which would show income passed through to him from his limited liability company, Defendant II&M, and income derived from goods and services sold directly by him and not through II&M. Defendants' Responses and Supplemental Responses to Plaintiff's First Set of Interrogatories make it clear that some of the work acknowledged by Defendants was invoiced by Mr. Trewitz in his personal capacity, and some work was invoiced by II&M, yet none of Mr. Trewitz's tax returns or any other financial documents "sufficient to ascertain the . . . revenue generated by [Mr.] Trewitz" have been produced. Accordingly, Mr. Trewitz must produce such additional documentation, including tax returns and all receipts reflecting revenue owing to him from relevant sales.

**B.** *Defendants' Response*. As noted above, Plaintiff's counsel agreed on May 31, 2016, not to seek the Trewitzs' federal income tax returns. None of their Requests for Production request Defendant Trewitz's federal income tax returns. Pursuant to the Court's Standing Order [Doc. 20] Paragraph No. III(d)(i), a party seeking discovery must serve all discovery early enough so that the responses thereto are due on or before the last day of the discovery period. Plaintiff failed to seek Defendant Trewitz's federal income tax returns, and its counsel stated on May 31, 2016, that Plaintiff was not seeking the Trewitzs' federal income tax returns.

Therefore, Plaintiff should not be permitted to request the Trewitzs' tax returns after the discovery period has closed.

Contrary to Plaintiff's contention, on June 3, 2016, Defendant Trewitz produced invoices responsive to this Request for Production of Documents. As noted above, II&M has also produced invoices and its Schedule Cs on June 8, 2016. Defendants have no other documents responsive to Plaintiff's Request No. 3 for documents and communications relating to the "sales of geotechnical or environmental instrumentation goods and services."

**C.** *Plaintiff's Reply*. Plaintiff incorporates by reference its reply from the First Issue. Plaintiff's request is for a broader range of documents than tax returns, yet the request is also sufficiently broad to encompass Trewitz's personal tax returns to the extent they reflect the finances of his side ventures. Plaintiff is not requesting the relevant documents "after the discovery period has closed." Rather, Plaintiff served its requests well within the discovery period, and the present discovery dispute was perfected within the discovery period.

**III. THIRD ISSUE**

**A.** *Plaintiff's Position.* Plaintiff contends that Defendants provided deficient responses to Plaintiff's Interrogatory No. 1(7). Plaintiff asked Defendants to state "the consideration [they] received for providing [geotechnical and/or

5

environmental good and/or services]." In their Supplemental Interrogatory Responses, Defendants identified fourteen projects in which they offered such services. For each of those projects, Defendants stated that the amount of consideration received is "unknown." Defendants failed to do proper diligence in responding to this request. It is baffling and inconceivable for Defendants to suggest that they have no record of revenue generated by or other consideration received for their work on these projects, particularly when Defendants' first set of Interrogatory Responses included highly-precise statements of amounts invoiced for other projects completed during the same time period, down to the cent. Defendants' failure to state the consideration received for each project identified is particularly egregious and prejudicial to Plaintiff, as the core of Plaintiff's case is that Mr. Trewitz breached his contractual obligations and fiduciary duties by performing such outside work while exclusively employed by Plaintiff.

**B.** *Defendants' Response.* Counsel for the parties did not discuss this issue during their conference call on Monday, June 27, 2016. This is the first time that Plaintiff has raised this issue. Nevertheless, Defendant Trewitz will endeavor to supplement his Answer to Interrogatory No. 1(7) within the next 30 days.

**C.** *Plaintiff's Reply.* When this issue was raised during the June 27 teleconference, Defense counsel summarily declined to supplement Defendants'

responses.  In addition to Defendant's own supplementation, which may very well prove to be deficient,[3] Plaintiff requests that it be permitted to subpoena relevant records from Mr. Trewitz's and II&M's customers.

## IV.   FOURTH ISSUE

   **A.** *Defendants' Position*:  On May 5, 2016, Defendants requested in Defendants' Second Request for Production Nos. 1 and 2 the Plaintiff's federal income tax returns since 2007 and all documents evidencing Plaintiff's generation of revenue from installation of products, as opposed to sales. Plaintiff has failed to produce Plaintiff's tax returns. During counsel's conference call on Monday, June 27, 2016, Plaintiff's counsel again refused to produce Plaintiff's federal income tax returns and also refused to produce source documents evidencing Plaintiff's generation of revenue from installation of products, as opposed to the sales of products. Defendants need this information, including tax returns, to determine the extent of actual installation work done by Plaintiff during the years in question.

   **B.** *Plaintiff's Response*.   In its written discovery responses, Plaintiff already timely objected to the request for Plaintiff's tax returns on relevance grounds. Defendants have offered no explanation as to how such documents are relevant to any defense or counterclaim, particularly in light of the fact that Plaintiff's tax

---

[3] Defendants have stated that a large body of records have been destroyed by flood and computer failure.  *See* Defendants Response to Interrogatory No. 2, Exhibit A.

7

returns would not categorize income by source of revenue (e.g. installation services versus sales of goods).  In any event, Plaintiff has already produced monthly totals of field service revenue and supportive invoices.

    **C.** *Defendants' Reply.* The documents requested are relevant to show that Durham Geo was principally engaged in the sale of products rather than the installation of products. The documents will show that Durham Geo's revenues and income associated with field services/installation work are minimal compared to the revenues and income associated with its sale of products.

Dated:  June 30, 2016

Respectfully submitted,

| DURHAM GEO-ENTERPRISES, INC. | DEFENDANTS JOSHUA TREWITZ AND INSTRUMENT INTEGRATION & MONITORING, LLC |
|---|---|
| By its attorneys, | By their attorneys, |
| /s/ Robert C. Khayat, Jr.<br>Joseph P. Rockers (Georgia Bar No. 611220)<br>Bradford J. Smith<br>Nicholas R. Planty<br>GOODWIN PROCTER LLP<br>100 Northern Ave<br>Boston, Massachusetts 02110<br>Tel.:  (617) 570-1000<br>Fax.:  (617) 523-1231<br>jrockers@goodwinprocter.com<br>bsmith@goodwinprocter.com<br>nplanty@goodwinprocter.com<br><br>Robert C. Khayat, Jr. (Georgia Bar No. 416981)<br>KHAYAT LAW FIRM<br>75 Fourteenth Street, N.E.<br>Suite 2750<br>Atlanta, Georgia 30309<br>Tel.:  (404) 458-7299<br>rkhayat@khayatlawfirm.com | /s/ Henry D. Fellows, Jr.<br>Henry D. Fellows, Jr., Esq.<br>Georgia State Bar No. 257825<br>Michael C. Gretchen, Esq.<br>Georgia State Bar No. 522171<br>FELLOWS LABRIOLA, LLP<br>Suite 2300, South Tower<br>225 Peachtree Street, NE<br>Atlanta, Georgia 30303<br>404-586-9200 (tel.)<br>404-586-9201 (fax)<br>hfellows@fellab.com<br>mgretchen@fellab.com |

## **LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing JOINT DISCOVERY STATEMENT has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt. font.

 /s/ Robert C. Khayat, Jr.
Robert C. Khayat, Jr.
Georgia Bar No. 416981

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing JOINT DISCOVERY STATEMENT was filed using the Court's CM/ECF system which will automatically send email notification of the filing upon the following counsel of record:

>Henry D. Fellows, Jr., Esq.
>Michael C. Gretchen, Esq.
>FELLOWS LABRIOLA, LLP
>Suite 2300, South Tower
>225 Peachtree Street, NE
>Atlanta, Georgia 30303

This 30th day of June, 2016.

>/s/ Robert C. Khayat, Jr.
>Robert C. Khayat, Jr.
>Georgia Bar No. 416981
>
>*Counsel for Plaintiff Durham Geo-Enterprises, Inc.*